# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| *In re* | ) |
| | ) |
| **KENNETH EUGENE BARRETT** | ) |
| | )     **Case No. 09-7096** |
| | ) |
| | ) |
| | ) |
| | ) |

---

## MOTION TO STAY PROCEEDINGS
### IN *BARRETT V. U.S.A.,* CASE 09-CV-105
### AND COMBINED BRIEF

---

Petitioner, Kenneth Eugene Barrett, by and through counsel, and pursuant to Fed. R. Civ. P. 62(g), Fed. R. App. P. 8(a), 28 U.S.C. § 1651, and the Due Process Clauses of the Fifth and Fourteenth Amendments, respectfully moves this Court for an Order staying proceedings, including the Scheduling Order filed on October 7, 2009, pending the resolution of the Petition for Writ of Mandamus filed by Petitioner on October 13, 2009 to which this Court, on October 20, 2009, ordered a response be filed no later than November 23, 2009.

This motion is supported by the files and records in this case, *Barrett v. United States of America,* Case No. 6:09-cv-00105, and *United States v. Barrett*, Case No. CR-04-115, including, but not limited to, Petitioner's motion to disqualify (Doc. 66), his motion filed October 5, 2009 (Doc. 78), and the arguments of counsel during the hearing held October 6, 2009, as well as the accompanying brief in support of this motion.

////

**COMBINED BRIEF IN SUPPORT OF MOTION**

In Support of this Motion, Petitioner asserts the following:

### 1. Background

On October 13, 2009 Petitioner sent for filing in this Court a petition for writ of mandamus ("Petition"). The Petition seeks the following relief:

(1) an order compelling Hon. James H. Payne, the District Judge in the underlying case, to vacate his Order (Dist. Ct. Doc. 66) denying Petitioner's Motion to Disqualify (Dist. Ct. Doc. 45);

(2) an order vacating all of the orders entered by Judge Payne after Petitioner filed his Motion to Disqualify;

(3) an Order compelling Judge Payne to recuse himself from this matter and refrain from any and all further judicial or administrative actions in relation thereto.

Pursuant to Fed. R. App. P. 21 a copy of Petitioner's Petition for Writ of Mandamus filed in the Tenth Circuit Court of Appeals was served by mail on Hon. James H. Payne and the United States Attorney's Office.

This Court has jurisdiction over Petitioner's petition pursuant to 28 U.S.C. § 1651, Fed. R. App. P. 21, and *Lopez v. Behles (In re American Ready Mix, Inc.)*, 14 F.3d 1497, 1499 (10th Cir.), *cert. denied,* 513 U.S. 818 (1994), and *United States v. Cooley*, 1 F.3d 985, 996 n.9 (10th Cir. 1993).

On October 16, 2009, Mr. Barrett moved the district court, Hon. James H. Payne

presiding, to stay the proceedings in Case No. 09-CV-105 pending this Court's resolution of the petition for writ of mandamus. *Barrett v. U.S.A.,* 09-CV-105 (Dist. Ct. Doc. 86, attached hereto and marked Exhibit A.)

On October 20, 2009, Judge Payne denied the Motion to stay proceedings. *Barrett v. U.S.A.,* 09-CV-105 (Dist. Ct. Doc. 87, attached hereto and marked Exhibit B).

On October 22, 2009, this Court ordered "the United States to respond to Barrett's petition and invite[d] Chief Judge Payne to respond, should he wish to do so." The Government's response is due on November 23, 2009.

On October 28, 2009, Judge Payne filed his response to this Court's order. Doc. 01018300941. Judge Payne relied in part upon the facts described in his order entered September 11, 2009, and requested that this Court "review all budgetary matters filed in the case below, including transcripts, budget requests and/or correspondence relating to the budget," and "the transcript of the telephonic hearing on Defendant's Emergency Motion to Toll Statute of Limitations in *United States v. Kenneth Eugene Barrett*, Case No. 04-CR-115-JHP held on February 11, 2009," which has not been transcribed. *Id.*

There is currently pending in the District Court an order directing Petitioner to file by November 5, 2009, an amended petition pursuant to Rule 2 of the Rules Governing § 2255 Cases, and scheduling briefing, including a response and reply, to that amended petition. On October 28, 2009, Petitioner filed a motion to extend by 30 days the deadlines set forth in that order, and a proposed order. The United States does not oppose that motion. As of this date of filing, the District Court has not ruled on Petitioner's

motion.

## 2. Grounds for Staying Proceedings

Rule 8(a), Fed. R. App. P., provides this Court may consider a motion to stay the district court proceedings pending appeal if the motion shows that moving first in the district court is impracticable or that a motion having been made, the district court denied the motion. Fed. R. App. P. 8(a)(2)(A)(ii). *See also McClendon v. City of Albuquerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). The District Court denied Petitioner's motion to stay proceedings without stating reasons for its action. *See* Exhibit B.

A stay is appropriate where the petitioner shows (a) a likelihood of success on the merits, (b) the threat of irreparable harm if no stay is granted, (c) the absence of substantial harm to the opposing party, and (d) that the public interest favors a stay. 10th Cir. R. 8.1; *United States v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996).

## 2.a Success on the merits is likely

It is likely Petitioner will be successful and the writ will issue. At a minimum, Petitioner has presented a substantial case on the merits involving a serious legal question. *McClendon*, *op. cit.*, citing *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). The facts are largely undisputed and establish numerous violations of the Code of Judicial Conduct reflecting bias towards the Government or against Mr. Barrett, as well as conditions requiring recusal under 28 U.S.C. § 455. This Court's Order that the Government respond shows at a minimum that Petitioner has made a prima facie showing

of the right to relief.

The petition pending before this Court and the accompanying exhibits show that Judge Payne failed to disclose to defense counsel the content of his *ex parte* communications with prosecutors, then withheld adjudication of a prosecution motion he found to be without merit while Mr. Barrett's counsel acceded to limitations on their investigation of key government witnesses. Were Judge Payne to remain on this case he would be required to evaluate and adjudicate the importance of extra-record evidence which, if evaluated under the law as favorable to Mr. Barrett's claims, would cast Judge Payne in a negative light.

Similarly, witnesses have come forward and given declarations stating that Judge Payne relied upon personal goals and other inappropriate considerations when appointing counsel to represent Mr. Barrett. *See* Petition for Writ of Mandamus, Doc. 9704250-0, -1. Judge Payne cannot evaluate those witnesses' statements or make rulings on their admissibility or import without raising questions about his own impartiality.

It is well established that the process necessary for a fair trial in a fair tribunal means

> no man can be a judge in his own case and no man is permitted to try cases where he has an interest in the outcome. That interest cannot be defined with precision. Circumstances and relationships must be considered. Th[e Supreme] Court has said, however, that "Every procedure which would offer a possible temptation to the average man as a judge * * * not to hold the balance nice, clear, and true between the State and the accused denies the latter due process of law." *Tumey v. State of Ohio*, 273 U.S. 510, 532 [(1927)].

*In re Murchison*, 349 U.S. 133, 136 (1955). Under the undisputed circumstances

presented to this Court, in which Judge Payne must adjudicate the propriety of his own extra-judicial acts, including whether he violated the Canons of Judicial Conduct to the detriment of a man facing execution, the average man in Judge Payne's position would be tempted to skew the balance against finding for Mr. Barrett.

Further, it is undisputed that Judge Payne violated the ABA Code of Judicial Conduct by conducting an independent Internet search of grounds for denying Petitioner's motion for equitable tolling. The plain language of his order demonstrates he relied upon that previously undisclosed investigation, and such investigations have been found to violate § 455. *In re United States*, 441 F.3d 44, 66-68 (1st Cir.2006) (recusal under § 455(a) required where judge stays pending criminal matter to conduct investigation of potential misconduct concerning the grand jury); *In re Edgar*, 93 F. 3d 256, 258-60 (7th Cir. 1996) (ex parte meeting with experts who had come to favor one party requires recusal under § 455(a)).

### 2.b  Continuing these proceedings threatens irreparable harm

If no stay is granted, and these proceedings continue, there is a danger of irreparable harm. If this Court grants the petition, rulings by the District Court will be null and void. Proceeding further under those rulings will only engender delay and confusion which will harm the interests of all concerned.

For example, one of the matters which Petitioner alleges as grounds for disqualification of Judge Payne is the manner in which he *sua sponte* ordered Petitioner to show cause why his timely filed Amended Petition should now be amended again. *See*

Petition for Mandamus filed herein, p. 7-8 [9791781-0, -1 (Pet. Exhs. I, J, & K)]. As a result of that Order and subsequent hearing, Petitioner is at this time under an to order to "file an Amended Motion to Vacate in compliance with the Rules Governing §2255 Proceedings and sixty (60) days thereafter, or until January 5, 2010 to file a Brief in Support." *Barrett v. U.S.A.,* CIV -09-105-JHP, (Dist. Ct. Doc. 81, Pet. Exh. L).

It is unclear from the hearing and Order what, if anything, Petitioner must do to satisfy the District Court. While the court below listed a series of concerns with Petitioner's filings, it made no specific findings that his petition was defective, gave no specific notice as to how to "correct" the petition, did not strike the Amended Petition, and indicated it was "not [his] intent to cause any prejudice to [Mr. Barrett]." *See* Pet. Exh. K (October 6 Hearing Transcript, Doc. 9791781) at 2-13. Counsel have been examining eleven (11) years worth of capital habeas corpus petitions in the Eastern District of Oklahoma, and have found that his petition conformed to local practice.[1] In light of this vagueness, counsel for Mr. Barrett are uncertain of the intent, impact and/or

---

[1] Petitioner's counsel have examined the dockets in every capital habeas corpus case in the Eastern District, and have conferred with counsel from each case in which Judge Payne presided over an initial habeas corpus petition. In those nine cases, none were filed on the form attached to the Rules Governing § 2254 Cases, all failed to comply with the form in that they contained briefing, and all sought various forms of relief such as evidentiary hearings. The District Court objected to none of these petitions, although their form matched that of Mr. Barrett's § 2255 petition. *See* Dockets in *Battenfield v. Ward*, 6:98-cv-00036-JHP; *Johnson v. Gibson*, 6:98-cv-00072-FHS-JHP; *Johnson v. Gibson*, 6:98-cv-00331-FHS; *Humphreys v. Gibson*, 6:98-cv-00568-FHS-JHP; *Snow v. Gibson*, 6:00-cv-00070-FHS; *Delozier v. Gibson*, 6:00-cv-00102-JHP-KEW; *Phillips v. Gibson*, 6:01-cv-00045-JHP-KEW; *Taylor v. Workman*, 6:01-cv-00252-JHP-KEW; *Murphy v. Mullin*, 6:03-cv-00443-RAW-KEW; *Duty v. Mullin*, 6:05-cv-00023-FHS-SPS; *Ryder v. Mullin*, 6:05-cv-00024-JHP-KEW; *Derosa v. Mullin*, 6:05-cv-00213-JHP-SPS.

scope of the Court's Order.

The Court's order to amend the lengthy (over 400-page) petition must use significant resources. The time and delay involved in attempting to comply with an order which is unclear at best, and is at worst evidence of the bias complained of in the Petition pending before this Court, makes the issuance of a stay of proceedings more compelling. Because the District Court's order will be rendered null and void if this Court grants the pending Petition for a Writ of Mandamus, the costs associated with efforts to comply, and any delay resulting from compliance will be wholly unnecessary and futile.

### 2.c  The government will suffer no substantial harm

For similar reasons to those just stated, there is an absence of harm to the Government if a stay is granted. Assuming the Government is interested in the timely and orderly resolution of this matter, a stay is in the Government's interest.

Petitioner has moved the District Court for an order extending by thirty (30) days the time for filing the amended petition ordered on October 7, 2009. The Government does not oppose that motion. However, in contrast to earlier rulings below, the District Court has not acted upon Petitioner's unopposed motion.

A stay from this Court would preserve the status quo. It would also give this Court an opportunity to review the extensive body of material Judge Payne has asked this Court to review prior to ruling on the Petition.

### 2.d  The public interest favors a stay

Similarly, the greater risk of harm to the public interest is in not staying these

proceedings. The public has an interest in all criminal cases, but especially capital cases, in the fair and orderly adjudication of issues affecting the validity of the judgment. Confidence in these proceedings can only be enhanced if they are stayed pending disposition of the case in the Court of Appeals. *See Gardner v. Florida*, 430 U.S. 349, 358 (1977) ("It is of vital importance to the defendant and *to the community* that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion.") (emphasis added).

### 3. Certificate of Compliance

Pursuant to L.Cv.R. 7.1(g) and 10th Cir. R. 8.3, counsel for Petitioner has conferred with counsel for the Government. Counsel have been unable to resolve this dispute. Opposing counsel has informed the undersigned that the Government opposes this motion. Counsel did not confer in person, but by telephone and email, because all counsel reside more than 30 miles from each other and in-person meetings would have been infeasible and fiscally irresponsible under the circumstances.

////

WHEREFORE Petitioner respectfully asks this Court to stay any all proceedings in this matter pending resolution of the Petition for Writ of Mandamus.

DATED: November 2, 2009

Respectfully submitted,

/s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: 405-521-9600

DANIEL J. BRODERICK
Federal Defender

/s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: 916-498-6666

Attorneys for Petitioner
KENNETH EUGENE BARRETT

## DECLARATION

I declare, under penalty of perjury, as provided in the laws of the United States of America, that the factual averments in the foregoing motion are true and correct, and based upon my personal knowledge or the sources cited.

Executed by me this 3rd day of November 2009 in Sacramento County, California.

/s/ Tivon Schardl

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

*In re* )

           )

**KENNETH EUGENE BARRETT** )

           )     **Case No. 09-7096**

           )

           )

           )

           )

## MOTION TO STAY PROCEEDINGS
## IN *BARRETT V. U.S.A.,* CASE 09-CV-105
## AND COMBINED BRIEF

# EXHIBIT A

# IN THE UNITED STATES DISTRICT COURT FOR THE

# EASTERN DISTRICT OF OKLAHOMA

KENNETH EUGENE BARRETT,   )
      )
   *Petitioner/Defendant*,   )
      )
v.      )   **Case No. 6:09-cv-00105-JHP**
      )
UNITED STATES OF AMERICA,   )
      )
   *Respondent/Plaintiff.*   )

## COMBINED MOTION TO STAY PROCEEDINGS
## AND ACCOMPANYING BRIEF

## MOTION

Petitioner, Kenneth Eugene Barrett, by and through counsel, and pursuant to Fed. R. Civ. P. 62(c), Fed. R. App. P. 8(a), 28 U.S.C. § 1651, and the Due Process Clauses of the Fifth and Fourteenth Amendments, respectfully moves this Court for an Order staying proceedings, including the Scheduling Order filed on October 7, 2009, pending the resolution of Petition for Writ of Mandamus which Petitioner filed in the Tenth Circuit Court of Appeals on October 13, 2009.  This motion is supported by the files and records in this case, and in *United States v. Barrett*, Case No. CR-04-115, including, but not limited to, Petitioner's motion to disqualify (Doc. 66), his motion filed October 5, 2009 (Doc. 78), and the arguments of counsel during the hearing held October 6, 2009, as well as the accompanying brief in support of this motion.

## BRIEF IN SUPPORT OF MOTION

In Support of this Motion, Petitioner asserts the following:

### 1. Background

On October 13, 2009 Petitioner sent for filing in the Tenth Circuit Court of Appeals a Petition for Writ of Mandamus.

The Petition seeks an Order from the Tenth Circuit Court of Appeals to this Court compelling Hon. James H. Payne to vacate his Order [Doc 66] denying Petitioner's Motion to Disqualify [Doc 45].

The Petition also seeks an Order vacating all of the Orders entered by Hon. James H. Payne after Petitioner filed his Motion to Disqualify.

The Petition also seeks an Order compelling Hon. James H. Payne to recuse himself from this matter and refrain from any and all further judicial or administrative actions in relation thereto.

Pursuant to Fed. R. App. P. 21 a copy of Petitioner's Petition for Writ of Mandamus filed in the Tenth Circuit court of Appeals was served by mail on Hon. James H. Payne and the United States Attorney's Office on this date.

The Tenth Circuit has jurisdiction over Petitioner's petition pursuant to 28 U.S.C. § 1651, Fed. R. App. P. 21, and *Lopez v. Behles (In re American Ready Mix, Inc.*), 14 F.3d 1497, 1499 (10th Cir.), *cert. denied,* 513 U.S. 818 (1994), and *United States v. Cooley*, 1 F.3d 985, 996 n.9 (10th Cir. 1993).

////

## 2. Grounds for Staying Proceedings

Rule 8(a), Fed. R. App. P. provides this Court should be first to consider whether to stay its own proceedings pending review in the Tenth Circuit. *McClendon v. City of Albequerque*, 79 F.3d 1014, 1020 (10th Cir. 1996). A stay is appropriate where the petitioner shows (a) a likelihood of success on the merits, (b) the threat of irreparable harm if no stay is granted, (c) the absence of substantial harm to the opposing party, and (d) that the public interest favors a stay. 10th Cir. R. 8.1; *United States v. Various Tracts of Land in Muskogee and Cherokee Counties*, 74 F.3d 197, 198 (10th Cir. 1996).

### 2.a  Success on the merits is likely

It is likely Petitioner will be successful and the writ will issue. At a minimum, Petitioner has presented a substantial case on the merits involving a serious legal question. *McClendon*, *op. cit.*, citing *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). The facts are largely undisputed and establish numerous violations of the Code of Judicial Conduct reflecting bias towards the Government or against Mr. Barrett, as well as conditions requiring recusal under 28 U.S.C. § 455.

Judge Payne failed to disclose to defense counsel the content of his *ex parte* communications with prosecutors, then withheld adjudication of a prosecution motion he found to be without merit while Mr. Barrett's counsel acceded to limitations on their investigation of key government witnesses. Were Judge Payne to remain on this case he would be required to evaluate and adjudicate the import of extra-record evidence which, if favorable to Mr. Barrett, would cast Judge Payne in a negative light.

Similarly, witnesses have come forward and given declarations stating that Judge Payne relied upon personal goals and other inappropriate considerations when appointing counsel to represent Mr. Barrett. Judge Payne cannot evaluate those witnesses' statements or make rulings on their admissibility or import without raising questions about his own impartiality.

Finally, it is undisputed that Judge Payne violated the ABA Code of Judicial Conduct by conducting an independent Internet search of grounds for denying Petitioner's motion for equitable tolling. The plain language of his order demonstrates he relied upon that previously undisclosed investigation, and such investigations have been found to violate § 455. *In re United States*, 441 F.3d 44, 66-68 (1st Cir.2006) (recusal under § 455(a) required where judge stays pending criminal matter to conduct investigation of potential misconduct concerning the grand jury); *In re Edgar*, 93 F. 3d 256, 258-60 (7th Cir. 1996) (ex parte meeting with experts who had come to favor one party requires recusal under § 455(a)).

### 2.b  Continuing these proceedings threatens irreparable harm

If no stay is granted, and these proceedings continue, there is a danger of irreparable harm. If the Court of Appeals grants the petition, rulings by this Court will be null and void. Proceeding further under those rulings will only engender delay and confusion which will harm the interests of all concerned.

### 2.c  The government will suffer no substantial harm

For similar reasons to those just stated, there is an absence of harm to the

Government if a stay is granted. Assuming the Government is interested in the timely and orderly resolution of this matter, a stay is in the Government's interest.

### 2.d  The public interest favors a stay

Similarly, the greater risk of harm to the public interest is in not staying these proceedings. The public has an interest in all criminal cases, but especially capital cases, in the fair and orderly adjudication of issues affecting the validity of the judgment. Confidence in these proceedings can only be enhanced if they are stayed pending disposition of the case in the Court of Appeals. *See Gardner v. Florida*, 430 U.S. 349, 358 (1977) ("It is of vital importance to the defendant and *to the community* that any decision to impose the death sentence be, and appear to be, based on reason rather than caprice or emotion.") (emphasis added).

### 3.  Certificate of Compliance

Pursuant to L.Cv.R. 7.1(g) and 10th Cir. R. 8.3, counsel for Petitioner has conferred with counsel for the Government. Counsel have been unable to resolve this dispute. Opposing counsel has informed the undersigned that the Government opposes this motion. Counsel did not confer in person, but by telephone, because all counsel reside more than 30 miles from each other and in-person meetings would have been infeasible and fiscally irresponsible under the circumstances.

WHEREFORE Petitioner respectfully asks this Court to stay any all proceedings in this matter pending resolution of the Petition for Writ of Mandamus.

////

DATED:   October 16, 2009

Respectfully submitted,

 /s/ David B. Autry

DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600


DANIEL J. BRODERICK
Federal Defender

 /s/ Tivon Schardl

TIVON SCHARDL, Fla. Bar No. 73016
Attorney
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666


Attorneys for Defendant
KENNETH EUGENE BARRETT

**Certificate of Electronic Filing and Service**

I hereby certify that on this 16th day of October, 2009, I caused the foregoing Status Report to be filed with the Clerk of the Court using the ECF System for filing.  A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401, and Jeffrey B. Kahan, U.S. Dept. of Justice, 1331 F Street, NW, Washington, DC 20530.

/s/ Tivon Schardl

# IN THE UNITED STATES COURT OF APPEALS
## FOR THE TENTH CIRCUIT

| | |
|---|---|
| *In re* | ) |
| | ) |
| **KENNETH EUGENE BARRETT** | ) |
| | )      **Case No. 09-7096** |
| | ) |
| | ) |
| | ) |
| | ) |

---

## MOTION TO STAY PROCEEDINGS
## IN *BARRETT V. U.S.A.*, CASE 09-CV-105
## AND COMBINED BRIEF

# EXHIBIT B

---

**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| KENNETH EUGENE BARRETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 09-CIV-105-JHP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER

This matter comes on for consideration of Petitioner's Motion to Stay Proceedings

(Doc. 86). After due consideration thereof, the Motion to Stay Proceedings is denied.

It is so ordered on this 20th day of October, 2009.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

**Certificate of Electronic Filing and Service**

I hereby certify that on this 3rd day of November, 2009, I caused the foregoing Status Report to be filed with the Clerk of the Court using the ECF System for filing. A copy will be served electronically to Christopher J. Wilson, AUSA, 1200 W. Okmulgee Street, Muskogee, OK 74401, and Jeffrey B. Kahan, U.S. Dept. of Justice, 1331 F Street, NW, Washington, DC 20530.

/s/ Tivon Schardl