# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA, )
       Plaintiff, )
)
vs. )   CASE NO. CR-04-115-P
)
KENNETH EUGENE BARRETT, )
       Defendant. )
_____ )

## TRANSCRIPT OF STATUS HEARING

before the Honorable James H. Payne, United States Chief
District Judge, in Muskogee, Oklahoma, on the 9th day of
September, 2005.

### APPEARANCES

FOR THE PLAINTIFF:
    Mr. Sheldon J. Sperling
    United States Attorney
    Mr. D. Michael Littlefield
    Assistant United States Attorney
    1200 West Okmulgee Street
    Muskogee, Oklahoma   74401

FOR THE DEFENDANT:
    Mr. Roger Hilfiger
    Attorney at Law
    Cook & Hilfiger
    620 West Broadway Street
    P.O. Box 791
    Muskogee, Oklahoma   74402-0791

    Mr. Bret A. Smith
    Attorney at Law
    415 West Broadway
    P.O. Box 2250
    Muskogee, Oklahoma   74402-2250

COURT REPORTER:
    Gala J. Watkins, CSR, RPR #1224
    P.O. Box 1188
    Wagoner, OK   74477-1188

MR. SPERLING: I'm confident that the marshal's service can address this area of concern.

THE COURT: I'll ask the marshal to address it and report to me, and I'll furnish you a copy of the report.

MR. HILFIGER: Then the other -- other matter, we -- at the last hearing, we requested -- he requested that he be allowed to get a hair cut, and that hadn't been done yet. And I think, you know, that's -- he's titled to get a proper presentation to the jury.

THE COURT: I'll direct that request to the marshal.

MR. HILFIGER: Anything else?

Oh, Mr. Smith has some.

MR. SMITH: Your Honor, we have received the Government's proposed witness list. And some of those witnesses have been listed under seal. We haven't received a motion in that regard, but we do request the identity of those witnesses. And I understand, from visiting with the Government, that they fear for the safety of those individuals, and that's why they don't want to reveal their identity. But, you know, at some point, we've got to know that. And I don't know if the Court intends to address that down the road or --

THE COURT: It's the first it's been brought to my attention. I'll give the Government an opportunity to respond. I'm not familiar with the issue at all.

MR. SMITH: It appears, Judge, that there are -- on

their listed witnesses, witness twelve, thirteen, fourteen, fifteen and sixteen and then seventy-five and seventy-six.

THE COURT: U.S. Attorney wish to address that?

MR. SPERLING: Yes, Your Honor.

THE COURT: The Court has not received or is not aware of the witness list at all.

MR. SPERLING: I am not without excuse, though. I'm a little hesitant to say this qualifies as a reason. But we were obligated to update our security system in our office. Our systems manager downloaded several days ago the technical bulletin and applied it to our system. Both of our servers, both the network and the application server crashed. Our systems manager is in the process of rebuilding our entire system. It is not yet off, and it's been down for three days.

I say that as a prelude to this, Your Honor. I have a pleading prepared. I was prepared -- I need to do some West Law research, because I want to really make this specific as to the 10th Circuit, and quote the case law that I think will be most persuasive to the Court with regard to the matter that counsel has mentioned.

We're aware of our obligation under 3432 to provide a witness list to the defense. I have raised the subject with Mr. Smith, which he appropriately has brought to the Court's attention. I hope to be able to do that before the close of business today. That will include the specific identities of the

witnesses who are not included, that Mr. Smith has reference to, and the reason why we believe it reasonable for the Court to await, as has been done in another case, the issuance of these names to the defense until shortly before they are called -- a reasonable few days before they are called to testify. But I really need to put that information concerning the identify of the witnesses, what we expect that they will testify concerning, and the reason for concern for safety. That information I need to submit first and foremost to the Court under seal.

I will present the rest of the pleading to the defense. And, frankly, we will leave that decision then up to the Court. And I hope to do that by the end of the day in one way or another. We may have to do this the old fashion way. But I hope in one way or another to be able to complete that. I'd like to get into West Law too in order to give you the best authority.

THE COURT: Mr. Smith?

MR. SPERLING: Oh, may I?

THE COURT: You may.

MR. SPERLING: I'm sorry.

One other thing. My understanding of 3432, three days prior to trial. What does that mean?

My sense, after having reviewed the Court's instructions, is the trial means the actual start of the trial itself once the jury is sworn. I think that's when jeopardy attached, and that's when the trial begins. In an abundance of caution though, we are

endeavoring to give the completed witness list to the defense in advance of the individual voir dire. And that's what we have already done with the exception of the seven civilian witnesses that have not yet been identified to the defense.

THE COURT: And you're going to address those seven in the pleadings?

MR. SPERLING: Yes, Your Honor.

THE COURT: Mr. Smith?

MR. SMITH: That's all that I have to say about the witnesses at this time, Judge. We'll be awaiting their plea, and we'll respond at that time.

As it relates to the transcripts, I have visited with Mr. Wood. And we're no closer on those than we were. There, evidently, is a jury docket starting in Sequoyah County on Monday. He was going to ascertain whether or not he thought these trials were going to be conducted, or whether or not he was going to have time to get the transcripts out. He indicates he's willing to do it. And one of his responses were, "Well, if I can get them out, you still want them, don't you?"

THE COURT: If he can what?

MR. SMITH: If he can get them out, you still want them, don't you?

Because I had told him, Judge, in being very candid with him, that at some point you're going to declare them unavailable. And I remind him of that every time we visit. But, so the