**IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

**CASE NO. 09-7096**

_____

*In Re*

**KENNETH EUGENE BARRETT**, *Movant*
[Death Penalty Case]

_____

**PETITIONER'S REPLY TO
BRIEF FOR THE UNITED STATES IN OPPOSITION TO
THE PETITION FOR WRIT OF MANDAMUS**

_____

DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK, SB #89424
Federal Defender
TIVON SCHARDL, FL Bar No. 73016
Assistant Federal Defender
801 I Street, 3d Floor
Sacramento, California 95814
(916) 498-6666; FAX (916) 498-6656

Attorneys for Petitioner

**TABLE OF CONTENTS**

I. ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.        Respondent Misapprehends the Question Before the Court . . . . . . . . . . . 1

    B.        A Reasonable, Objective Person Would Question the Impartiality of a Judge Who Was Called upon to Make Findings of Fact Which Called into Question the Judge's Own Intent, Motivation and Action in a Capital Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

           1.    *The Judge's intense scrutiny in administrating CJA funds* . . . . . . . . . . . . 4

           2.    *The ex parte proceedings* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.        The Request to Compel Judge Payne's Recusal is Timely . . . . . . . . . . . 8

    D.        The Judge's Extra-record Investigation for Reasons to Deny Petitioner's Motion Bears the Appearance of Bias and Usurpation of Judicial Authority . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

    E.        An Evidentiary Hearing Before a Judge Other than Judge Payne on the Issue of Recusal Is Not Foreclosed in this Circuit. . . . . . . . . . . . . . 12

II. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

APPENDIX "A"

## TABLE OF AUTHORITIES
### FEDERAL CASES

*Dzurgiot v. Luther*,
897 F.2d 1222 (1st Cir 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Halliday v. United States*,
380 F.2d 270 (1st Cir. 1967) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 8

*Hinman v. Rogers*,
831 F.2d 937 (10th Cir. 1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Nichols v. Alley*,
71 F.3d 347 (10th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*United States v. Nickl*,
427 F.3d 1286 (10th Cir.2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

*United States v. Pearson*,
203 F.3d 1243 (10th Cir.2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

### FEDERAL STATUTES

F.R.A.P.   21 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
28 U.S.C. §455(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 8
28 U.S.C. §1651(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
28 U.S.C. §2255 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

### MISCELLANEOUS

*Hertz & Leibmann*, 5th Edition §41.4c at pp . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**IN THE UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

**CASE NO. 09-7096**

_____

*In Re*
**KENNETH EUGENE BARRETT**, *Movant*
[Death Penalty Case]

_____

**PETITIONER'S REPLY TO
BRIEF FOR THE UNITED STATES IN OPPOSITION TO
THE PETITION FOR WRIT OF MANDAMUS**

_____

Kenneth Eugene Barrett, by and through his undersigned counsel, moved this

Court to issue a writ of mandamus compelling United States District Judge James H.

Payne to recuse himself and refrain from presiding in the 28 U.S.C. §2255 Proceeding

filed on behalf of Petitioner in the Eastern District of Oklahoma styled *Kenneth Eugene*

*Barrett vs. the United States of America,* CV-09-00105 ("Petition"). On November 23,

2009, the United States filed its Opposition to the Petition for Writ of Mandamus

("BIO"). In compliance with this Court's Order of October 22, 2009, Petitioner now files

his Reply.

## I.    ARGUMENT

### A.    Respondent Misapprehends the Question Before the Court.

Respondent asserts: (1) no reasonable, objective person would question Judge

Payne's impartiality at the trial which gives rise to the pending §2255 Motion; (2)

Petitioner's assertion of bias comes too late; and, (3) Judge Payne did not rely on the

independent investigation which he undertook, or if he did, it was reasonable to do so.

In setting out its argument, the Government asserts that the "Question Presented" is:

> Whether Barrett has shown a clear and indisputable right to have Judge Payne disqualified from deciding Barrett's §2255 motion, on the ground that the judge was biased at trial.

BIO, p. 2. The Government's argument conflates, confuses, and obfuscates Petitioner's constitutional right to have an impartial judge *now* with the question of whether Judge Payne was biased *at trial*.

28 U.S.C. Section 455 requires recusal when a "reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Hinman v. Rogers,* 831 F.2d 937, 939 (10th Cir. 1987). The question before the Court, then, is not whether "a reasonable, objective person, knowing all of the facts," would question or "harbor doubts about" Judge Payne's impartiality at the trial as posed by the Government, but rather whether a reasonable, objective person would question Judge Payne's impartiality in considering the constitutional challenges raised in Mr. Barrett's §2255 Petition. The allegations of trial bias (and personal knowledge) are among the substantive postconviction claims which the judge who presides over the §2255 proceedings must decide. While the trial-bias claims form, in part, the basis of the due process concerns with Judge Payne's ability to sit on the postconviction case impartially, the question of whether Judge Payne was or was not *in fact* biased at trial is not before the Court in this proceeding.

The questions before this Court are: (1) whether a reasonable, objective person would harbor any doubts that Judge Payne can impartially decide whether or not his own failure to advise the defense of the Government's weak, potentially bad faith, ex parte proceeding was reasonable, knowing counsel for the defense were entering into a disadvantageous stipulation because they were not privy to unnecessarily sealed information; (2) Whether a reasonable, objective person would question the impartiality of Judge Payne in considering declarations of witnesses who report Judge Payne's disparate treatment of Petitioner in the administration of CJA funds, and/or whether the use of the authority to administer defense resources in a way which jeopardizes Petitioner's right to present a defense with the effective assistance of counsel was an abuse of discretion or usurpation of judicial authority, and/or whether Judge Payne can be the "impartial" factfinder assigned to answer that question; and, (3) Whether a reasonable, objective person would question Judge Payne's impartiality knowing that the judge has engaged in sua sponte investigation and scrutinized the record to find "errors or omissions" of Mr. Barrett's counsel in a manner not imposed on any other capital defendants in the Eastern District of Oklahoma?  The record here is clear: If Judge Payne continues to preside over Mr. Barrett's case, there will be an appearance of partiality which will ultimately deprive Mr. Barrett of a fair hearing in violation of Due Process.

**B.** **A Reasonable, Objective Person Would Question the Impartiality of a Judge Who Was Called upon to Make Findings of Fact Which Called into Question the Judge's Own Intent, Motivation and Actions in a Capital Case**.

The facts of the proceedings at trial as they relate to the §2255 Motion are fully set out in Petitioner's Petition for Writ of Mandamus and Petitioner fully relies thereon to refute the "facts" as presented by Respondent. *See and compare* Petition, pp. 12-21 *with*, BIO, pp. 7-17.

       1.    *The judge's intense scrutiny in administering CJA funds.*

Judge Payne cannot reasonably hear and rule on questions of fact and law which specifically call into question his conduct at the trial and are based on evidence outside the record which impugns his impartiality and raises serious questions of his usurpation of judicial authority during the trial proceedings.[1]  Simply put,  an objective person would question Judge Payne's ability to be impartial in determining whether or not the evidence Mr. Barrett presents shows that Judge Payne's actions in administering CJA funds for Mr. Barrett's defense was conducted in such a manner as to unconstitutionally interfere with Mr. Barrett's rights to present a defense, to the effective assistance of counsel, and to Due

---

[1]     Because Judge Payne was the trial judge, the possibility of bias in considering the 2255 Motion as it relates to his actions is inherent to the proceedings. *See Hertz & Leibmann*, 5th Edition §41.4c at pp. 1942-43 (Michie 2005), and cases cited therein, *e.g., Dzurgiot v. Luther*, 897 F. 2d 1222, 1227 (1st Cir 1990)(judge who presided at trial may determine if evidentiary hearing is necessary but different judge should conduct evidentiary hearing); *Halliday v. United States*, 380 F. 2d 270, 274 (1st Cir. 1967)(pre-section 2255 Rules decision mandating assignment of section 2255 motion to judge other than trial judge, except when difficult to do so because, for example, there is only one judge in district.)

Process. Mr. Barrett alleges in his §2255 Motion that the manner in which Judge Payne administered the CJA funds resulted in pressuring Mr. Echols off the case. Mr. Echols had twice successfully defended Mr. Barrett against the state murder charge arising out of the same incident as the federal charges, for which Mr. Barrett is now sentenced to death. Mr. Barrett alleges in his §2255 Motion that Judge Payne's treatment of Mr. Echols, in contrast to his treatment of Mr. Hilfiger, a former federal prosecutor like Judge Payne himself, was designed to ensure Mr. Barrett's conviction, unconstitutionally interfered with Mr. Barrett's right to a defense, and/or was designed to ensure that Mr. Hilfiger was elevated to lead counsel, even though it was the opinion of the Federal Defender Offices with whom Judge Payne consulted during the appointment of counsel process that Mr. Hilfiger was not qualified to act as first chair in a federal capital case. Witnesses have come forward and given declarations stating that Judge Payne relied upon personal goals and other inappropriate considerations when appointing counsel to represent Mr. Barrett. Judge Payne cannot evaluate those witnesses' statements or make rulings on their admissibility or import without raising questions about his own impartiality. A reasonable, objective person would harbor doubts that Judge Payne could adjudicate those issues impartially.

Indeed, Judge Payne's response to this Court by itself demonstrates the need to extensively review Judge Payne's actions in his handling of the CJA vouchers. *See Response to Court's Order* filed by Judge Payne on October 28, 2009. ("Respondent would ask this Court to review all budgetary matters filed in the case below, including

transcripts, budget requests and/or correspondence relating to the budget." [Footnote omitted]). Assuming such a review is necessary to determine the substantive bias, judicial misconduct, prosecutorial misconduct and ineffective assistance claims to which it relates, that review, to appear impartial, requires a judge other than Judge Payne. Petitioner's position is that the intensely personal monitoring of the defense case through the CJA voucher system unconstitutionally interfered with Mr. Barrett's right to effective assistance of counsel, his right to present a defense, and his right to due process. That substantive issue must be adjudicated by a judge other than Judge Payne; it does not fall on this Court to determine the substantive claims before the district court has ruled on them.

> 2. *The ex parte proceedings.*

Respondent argues vociferously that the *ex parte* proceedings illustrate no bias on the part of Judge Payne. *See*, BIO, pp. 7-14. It is clear from the very different viewpoints and understanding of the events at trial that the parties are in serious factual dispute. *See and compare*, Petition, pp. 12-18. As Petitioner alleges, and the record shows, Judge Payne failed to disclose to defense counsel the content of his *ex parte* communications with prosecutors, then withheld adjudication of a prosecution motion he found to be without merit while Mr. Barrett's counsel acceded to limitations on their investigation of key government witnesses. Were Judge Payne to remain on this case he would be required to evaluate and adjudicate the import of extra-record evidence which, if favorable to Mr. Barrett, would cast Judge Payne in a negative light. The factual dispute

which centers in significant part on the conduct of Judge Payne renders him an inappropriate factfinder on the constitutional questions raised.

At the very least, Judge Payne is a witness on substantive issues, which, contrary to the Government's understanding, goes beyond the bias of the judge and extends to questions of prosecutorial misconduct and ineffective assistance of counsel. *See* Petition, pp. 15-16. This is especially true on the matters concerning the *ex parte* proceedings. The record is incomplete, with matters discussed by the Government's lawyers not made part of the record. *See* Petition, p. 15. Judge Payne simply cannot be both witness and judge on these matters.

A reasonable, objective person would question whether Judge Payne can remain impartial when called upon to decide whether his participation in an *ex parte* proceeding, in which he voiced concern that the Government's lawyers lacked sufficient reason to have withheld disclosure of witnesses, and whose subsequent silence on the substantive content of that proceeding resulted in an agreement by defense counsel detrimental to Mr. Barrett's defense, violated Mr. Barrett's constitutional rights to effective assistance of counsel and Due Process.

The Government's argument to the contrary is circular. Respondent asserts that because Mr. Barrett's attorneys at trial and on appeal did not complain of the *ex parte* proceedings or Judge Payne's participation in them, Judge Payne was not biased and any attempt to suggest that he was comes too late. BIO at 12-13. Mr. Barrett's complaint goes directly to the ineffective assistance of counsel and prosecutorial misconduct that

resulted from the *ex parte* proceedings to which Judge Payne is a fact witness.  The

failure of the incompetent attorneys to question the proceedings cannot now serve as a bar

to the claim.  The question of bias goes not to the trial but to the current §2255

proceedings and cannot be judged by the attorneys' conduct at trial or on direct appeal.

### C. The Request to Compel Judge Payne's Recusal is Timely.

Respondent contends that the claim of Judge Payne's lack of impartiality comes

too late.  BIO at 12-13.  The Government's position is that because the judge's bias was

not claimed at trial or on appeal, it is now too late to seek his recusal.  *Id.*  The timeliness

of a recusal motion is governed by the proceeding in which the party seeks recusal.  Here,

Mr. Barrett seeks Judge Payne's recusal from further presiding at Mr. Barrett's capital

postconviction proceedings.  Respondent's timeliness argument again conflates the

substance of the claims with the question of who should adjudicate those claims.

Timeliness goes to the proceeding in which the motion is made, not the proceedings

which in part illustrate or raise the issue of bias or the appearance of bias.

Neither the All Writs Act nor the Federal Rules of Appellate Procedure provide a

specific time frame within which all petitions for writ of mandamus must be filed.  *See* 28

U.S.C. §1651(a); F.R.A.P. 21.  Section 455(a), on the other hand, is broader and requires

a judge to disqualify himself "in any proceeding in which his impartiality might

reasonably be questioned." 28 U.S.C. § 455(a).  This Court has held, "[a] judge has a

continuing duty to recuse under § 455(a) if sufficient factual grounds exist to cause a

reasonable, objective person, knowing all the relevant facts, to question the judge's

impartiality." *United States v. Pearson,* 203 F.3d 1243, 1277 (10th Cir. 2000).

"Normally, a party alleging judicial bias should move for recusal, and must do so in a

timely fashion." *United States v. Nickl,* 427 F.3d 1286, 1297 (10th Cir. 2005). Here, Mr.

Barrett filed his motion to disqualify Judge Payne prior to any decision on a contested

matter. *Id.* He filed his petition for writ of mandamus in just over thirty (30) days of

Judge Payne's denial of Petitioner's motion to disqualify. *See Barrett v. United States,*

06:09-cv-0105, Doc.66 (entered 9/11/09). The question of recusal was timely filed and

diligently pursued.

> D. **The Judge's Extra-Record Investigation for Reasons to Deny
> Petitioner's Motion Raises the Appearance of Bias and Usurpation of
> Judicial Authority.**

The third reason Petitioner seeks Judge Payne's recusal is based upon the judge's

inclination to *sua sponte* undermine Mr. Barrett's efforts, under compelling

circumstances, to vindicate his constitutional and statutory rights, and is demonstrated

primarily by Judge Payne's independent investigation to justify denial of Petitioner's

motion to toll the statute of limitations. The Government argues that the information

obtained by the judge was not a significant reason for the denial of the motion and even if

it were, it was a fair and accurate use of the information. Both assertions are untrue and

have been fully argued in Petitioner's petition for writ of mandamus. *See* Petition, pp.25-

30.

An objective, reasonable person would question the impartiality of a judge who,

when faced with an effectively uncontested motion to toll the statute of limitations based

on unquestioned medical concerns of one of Mr. Barrett's appointed counsel, took it upon himself without notice to Mr. Barrett or his counsel, to research the number of lawyers employed in the same Federal Defender's Office as Mr. Barrett's counsel in order to justify denial of the motion. While both Judge Payne (see Response filed October 28, 2009) and the United States claim the website played little or no role in the judge's decision to deny Petitioner's Motion, the fact is the Order itself commences with the judge's reliance on the information. CR-04-115, Doc. 397, pp. 1-2. Judge Payne expressly relied on the information to support his decision.

> After reviewing the Defendant's Motion and Brief to Toll Time, as well as the order appointing counsel herein, **this Court hereby denies Defendant's Motion to Toll the statute of limitations herein for *several reasons. First*,** on March 27, 2008, only ten (10) days after the United States Supreme Court denied certiorari from Defendant's direct appeal, this Court appointed David B. Autry as lead counsel and the Federal Defender for the Eastern District of California, Capital Habeas Unit as co-counsel. According to the website for the Office of the Federal Defender for the Eastern District of California, this office has, in addition to the Federal Public Defender, one "first assistant," three "supervising attorneys" in addition to Mr. Schardl, one "senior litigator," eighteen (18) "assistant federal defenders," two (2) research and writing attorneys, in the Sacramento office where Mr. Schardl is employed and eleven (11) other attorneys in their Fresno office. *See,* http://www.cae-fpd.org/attorneys.htm. In accepting appointment to this case, the Federal Defender in the Eastern District of California has an obligation to ensure that the Defendant's case is handled expeditiously and timely.

CR-04-115, Doc. 397, pp. 1-2. [Emphasis added.] The use made of the information by Judge Payne was neither appropriate nor accurate. After-the-fact diminishment of the extent of Judge Payne's reliance on his independent investigation is inconsistent with the express words of the Order. *See e.g., Barrett v. U.S.* 6:09-cv-00105, Doc 66, p. 20; BIO, pp. 19-20. If Judge Payne had given Mr. Barrett's counsel notice of his intent to use the

website as evidence of the availability of other attorneys to assist in the representation of Mr. Barrett, Mr. Barrett's counsel would have been in a position at the hearing to dispel Judge Payne's misunderstanding of the number, nature and availability of the lawyers at the Federal Defender's Office to work on Petitioner's case.

The judge's independent investigation demonstrates an unreasonable usurpation of his judicial authority, a clear abuse of discretion, and is evidence of the appearance of bias in Judge Payne's personal efforts to undermine Mr. Barrett's attempt to secure a fair and impartial adjudication of the constitutional challenges to his convictions. It also illustrates Judge Payne's inclination to "invent" reasons to deny relief to Mr. Barrett, which is of great concern to Mr. Barrett and would cause any reasonable, objective person to question whether Judge Payne can be impartial in his consideration of Mr. Barrett's claims. Besides going outside the record to deny Mr. Barrett's tolling motion, the judge recently went out of his way to impose unreasonable and unnecessary burdens on Petitioner without notice and little rationale for the demands.

As set out in the Petition, at pp. 7-8, Judge Payne, without objection or request by the Government, ordered Mr. Barrett's counsel to file another Amended Petition on a form intended to be used by *pro se* litigants and to comply with rules and demands not made of any other capital habeas litigant in the Eastern District of Oklahoma. *See* Petitioner's Notice Regarding Amended Petition Filed Pursuant to Court Order*, Barrett v. U.S.*, 6:09-cv-0105, Doc. 94, a copy of which is attached hereto as Appendix A. The Order compelled counsel for Mr. Barrett to rewrite and reorganize over 400 pages of

allegations and supporting evidence. The disparate treatment of Petitioner by Judge

Payne at the hearing on the Order to Show Cause and the Order to Amend Mr. Barrett's

Petition was an abuse of discretion, a usurpation of his judicial authority, and

unquestionably raises the spectre of continued bias.

**E.     An Evidentiary Hearing Before a Judge Other than Judge Payne on the Issue of Recusal Is Not Foreclosed in this Circuit.**

The Government makes the bald assertion that "an evidentiary hearing is

inappropriate" BIO, p. 23. Though it purports to rely on *Nichols v. Alley,* 71 F. 3d 347,

351 (10th Cir. 1995), for the proposition that this Circuit has foreclosed the possibility of

an evidentiary hearing (BIO, p.23), nothing in *Nichols* speaks to the question of an

evidentiary hearing or supports the Government's assertion. The Government argues that

this Court's observation that consideration of the recusal issue must be limited to

"outward manifestations" and "reasonable inferences drawn therefrom" rather than "the

judge's actual state of mind, purity of heart, incorruptibility, or lack of partiality"

precludes an evidentiary hearing. If the outward manifestations include evidence that is

outside the record, an evidentiary hearing would be necessary and do no violence to this

Court's standards of review on a recusal issue. Section 2255 provides that "[u]nless the

motion and the files and records of the case conclusively show the prisoner is entitled to

no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and

make findings of fact and conclusions of law with respect thereto." The relief Mr. Barrett

seeks here is the assignment of a judge who has not pre-judged the case, does not impose

unnecessary one-sided burdens on him or his counsel, and is not called upon to make findings of fact on issues which call into question the judge's conduct, or upon which the judge is a fact witness. Mr. Barrett is entitled to that relief, or at the very minimum, to an evidentiary hearing on the issues before a judge other than Judge Payne.

## II. CONCLUSION

For the reasons stated above, and in Mr. Barrett's Petition for Writ of Mandamus filed on October 14, 2009, the petition should be granted and an Order issuing a writ of mandamus should be entered. At a minimum, the question of recusal should be remanded for an evidentiary hearing before a judge other than Judge Payne.

DATED:    December 8, 2009

Respectfully submitted,
/s/ David B. Autry
DAVID B. AUTRY, OBA# 11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone: 405-521-9600

DANIEL J. BRODERICK
Federal Defender

/s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: 916-498-6666

Attorneys for Movant
KENNETH EUGENE BARRETT

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of December, 2009, I caused the foregoing instrument to be served upon the following persons by placing copies of the same in the U.S. Mails, first class, postage prepaid, addressed to:

Hon. James H. Payne
United District Courthouse
Eastern District of Oklahoma
101 N. 5th Street
P.O. Box 607
Muskogee, OK 74402-0607

Christopher J. Wilson
AUSA
1200 W. Okmulgee Street
Muskogee, OK 74401

Jeffrey B. Kahan
U.S. Department of Justice
1331 F Street, N.W.,
Washington, D.C. 20530.

In addition I hereby certify that on this 8th day of December, 2009, I caused the foregoing instrument to be electronically transmitted to the Clerk of the Court using the ECF System for filing based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the Following ECF registrants:

Christopher J. Wilson
Assistant United States Attorney Eastern District of Oklahoma
Attorney for the United States

Jeffrey B. Kahan
U.S. Department of Justice
Attorney for the United States

/s/ David Autry