**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH EUGENE BARRETT, | |
| | 6:09-cv-00105-JHP |
| Petitioner, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**PETITIONER'S NOTICE REGARDING**
**AMENDED PETITION FILED PURSUANT TO COURT ORDER**

**TABLE OF CONTENTS**

Prefatory Statement ........................................................................................................ 1

1.      Relevant Procedural History  ................................................................................ 2

2.      Objections  ............................................................................................................ 4

3.      Statement regarding amendment ........................................................................... 5

        a.      Mr. Barrett's compliance with the Court's order does not imply
                agreement with it ........................................................................................ 5

        b.      The rules being applied to Mr. Barrett are not clear and are not consistently
                applied to others who are similarly situated .......................................... 7

        c.      Mr. Barrett's pleadings met all formal requirements either directly or
                by providing the same information  .................................................... 13

Conclusion  .................................................................................................................. 16

**TABLE OF AUTHORITIES**

**FEDERAL CASES**

*Davis v. Wechsler*, 263 U.S. 22 (1923) ........................................................................... 13

*James v. Kentucky*, 466 U.S. 341 (1984) ....................................................................... 13

*Kafo v. United States*, 467 F.3d 1063 (7th Cir. 2006) ............................................... 14, 15

*Lee v. Kemna*, 534 U.S. 362 (2002) .............................................................................. 13

*Maggio v. Zeitz*, 333 U.S. 56 (1948) ............................................................................... 1

*Mayle v. Felix*, 545 U.S. 644 (2005) ..................................................................... 6, 11, 15

*NAACP ex rel. Patterson v. Alabama*, 357 U.S. 449 (1958) ....................................... 13

*NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288 (1964) ......................................... 13

*Staub v. City of Baxley*, 355 U.S. 313 (1958) .............................................................. 13

*Walker v. City of Birmingham*, 388 U.S. 307 (1967) ...................................................... 1

**DOCKETED CASES**

*United States v. Kenneth Barrett*, E.D. Ok. Case No. 06-cr-115 ................................... 8

**FEDERAL STATUTES**

28 U.S.C. § 2254 ....................................................................................................... 8, 10

28 U.S.C. § 2255 ........................................................................................................... 5

Fed. R. Civ. P. 8(a) ........................................................................................................ 6

Fed. R. Civ. P. 15 .................................................................................................. passim

Fed. R. Crim. P. 33 ........................................................................................................ 5

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH EUGENE BARRETT,<br><br><br><br>Petitioner,<br><br><br>v.<br><br><br><br>UNITED STATES OF AMERICA,<br><br><br><br>Respondent. | 6:09-cv-00105-JHP |

**PETITIONER'S NOTICE REGARDING**
**AMENDED PETITION FILED PURSUANT TO COURT ORDER**

COMES NOW Petitioner, KENNETH EUGENE BARRETT, by and through his undersigned counsel, and submits this statement of understanding regarding the amended motion/petition being filed pursuant to the Order entered October 7, 2009 (Doc. 81) ("October 7 Order"), and objections to the lack of timely notice that preceded that order.

**Prefatory Statement**

Regardless of Mr. Barrett's objections to the manner as in which this Court rendered its October 7 Order set forth hereinbelow, he recognizes that he must follow that order. *Cf. Walker v. City of Birmingham*, 388 U.S. 307, 316 & n.8 (1967); *Maggio v. Zeitz*, 333 U.S. 56, 69 (1948). Mr. Barrett relies upon this Court's findings that Petitioner has "a clean slate going forward," (Tr. 10/6/09 Hr'g at 25), and acknowledges Court's intent to create a clean and clear record. To

1

that end, and to avoid the appearance or implication that Mr. Barrett's compliance with the October 7 order suggests his prior pleadings were in any way improper, or that petitioner acquiesces or admits the same, Mr. Barrett submits the following:

**1.      Relevant Procedural History**

The October 7 Order gave Mr. Barrett "thirty (30) days or until November 6, 2009 to file an Amended Motion to Vacate in compliance with the Rules Governing § 2255 Proceedings and sixty (60) days thereafter, or until January 5, 2010, to file a Brief in Support." Doc. 81. The Order issued pursuant to the hearing held the previous day.

On October 28, 2009, Mr. Barrett filed an unopposed motion to extend by 30 days the schedule set forth in the October 7 Order. Doc. 88. On November 3, 2009, this Court granted Mr. Barrett's requested extension, giving Mr. Barrett until December 6, 2009 to file an amended petition. Doc. 90. Mr. Barrett's Brief in Support of the Amended Petition will be filed sixty days hereafter, i.e., on or before February 4, 2010.

On September 29, 2009, this Court entered an order to show cause why the Court should allow Mr. Barrett to amend. Doc. 74 ("September 29 Order"). That Order issued after Mr. Barrett filed his amended petition. *See* Doc. 70. The Order referred in a footnote to the form appended to the Rules Governing § 2255 Proceedings, and to local rules related to pleadings and motions, but did not state that these rules required the filing of an amended petition. Order (Doc. 74) at 2, n.1. The Order also adverted to issues related to Fed. R. Civ. P. 15, but did not make any findings or conclusions of law as to the propriety of Mr. Barrett's amended motion under that rule. *Id.* at 2. In the latter context, the Court directed "[t]o the extent Petitioner waited for more than six months following the filing of his voluminous Motion to file an amendment without

seeking prior leave of court, this Court finds Petitioner should show cause why this Court should now allow an amendment to his motion." *Ibid.*

On October 2 and October 5, 2009, Mr. Barrett objected that the September 29 Order denied him meaningful notice and a meaningful opportunity to be heard. Docs. 76 & 78. Mr. Barrett's filings, *inter alia*, set forth grounds for filing an amended pleading without seeking leave of court, grounds for finding his amendment proper, and various objections. Docs. 76 & 78. These motions reflect the understanding of Mr. Barrett's counsel that the purpose of the show cause hearing, as indicated in the quoted, operative sentence of the September 29 Order was to address the propriety of Mr. Barrett's amended motion. *E.g.*, Mot. Vacate Show Cause Order (Doc. 76-0) at 4. Mr. Barrett incorporates herein by specific reference the arguments and averments made in Docs. 76 and 78. This Court summarily overruled those objections. Docs. 77 & 79.

On October 6, 2009, this Court conducted a hearing which began with the Court reading from a prepared statement detailing numerous criticisms of Mr. Barrett's pleadings and his counsel. Tr. 10/6/09 Hr'g at 3-13. Most of those assertions were not contained in the September 29 Order which was ostensibly issued for the purpose of providing notice to Mr. Barrett and his counsel of the issues to which they were to show cause at the hearing. Mr. Barrett again objected to the lack of notice, and to the apparent judgment before trial. Tr. 10/6/09 Hr'g at 14-15.

During the October 6 hearing, the Court qualified its statements regarding potential defects or problems with Mr. Barrett's pleadings, including the initial motion to vacate filed March 16, 2009 (Doc. 1), the corrected motion filed March 17, 2009 (Doc. 2), and the amended motion filed September 25, 2009 (Doc. 75). *E.g.* Tr. 10/6/09 Hr'g at 11. The Court stated that it

3

was not finding Mr. Barrett's pleadings defective in any specific way, (Tr. 10/6/09 Hr'g at 23, 25, 26-27), was not striking Mr. Barrett's pleadings, (Tr. 10/6/09 Hr'g at 27, 29), and reiterated that no potential defect in Mr. Barrett's pleadings would prejudice him, (Tr. 10/2/09 Hr'g at 23, 25, 26, 27, 29). The Court stated that Mr. Barrett must file an amended petition using the form appended to the Rules Governing § 2255 Proceedings, *(id.* at 11), and repeatedly indicated that the purpose of this hearing was to clarify the issues and the record, *(id.* at 3, 11, 22, 23, 25, 26).

The issue of the form of the pleading was mentioned only as a notation in the footnote to the September 29 Order, and there is no mention in that order of a question regarding the verification of Mr. Barrett's pleadings. Nevertheless, Mr. Barrett, in his filings on October 2 and 5, 2009, addressed the latter issue as it may have related to the Court's discussion of Fed. R. Civ. P. 15 in the September 29 Order. Despite the lack of mention in the show cause order, the Court stated during the hearing that it was "extremely concerned" about the form of the verification, (Tr. 10/6/09 Hr'g at 8), a matter of which Mr. Barrett had no inkling, as reflected in the filings of October 2 and 5. The transcript of the hearing indicates the Court noted that Mr. Barrett's pleading was not on the form prior to the order filed March 18, 2009, which ordered the Government to answer. Tr. 10/6/09 Hr'g at 4.

**2.     Objections**

To the extent the Court's prepared statements during the October 6 hearing may be considered findings or conclusions of law adverse to Mr. Barrett, they represent the type of hostile judgment preceding trial that violates a person's right to due process of law. The gravamen of the October 7 Order is a matter the Court indicated, six months after the fact, was of marginal importance. Mr. Barrett again objects to the lack of timely notice, and respectfully submits any delay is not attributable to him.

Mr. Barrett's previous pleadings substantially complied with the Rules Governing § 2255 Proceedings, Fed. R. Civ. P. 15, this Court's Local Rules, and local practice. As demonstrated *infra*, the October 7 Order imposes a requirement on Mr. Barrett that has not been imposed on any similarly situated capital habeas corpus petitioner in this District for at least the past eleven years. Mr. Barrett objects to this disparate treatment prejudicing him in any way, and thereby denying him due process and the equal protection of the laws guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution.

**3.      Statement regarding amendment**

**a.      Mr. Barrett's compliance with the Court's order does not imply agreement with it**

Mr. Barrett is filing an amended petition on the form intended primarily for inmates filing *pro se* because it is his counsel's understanding that the October 7 Order requires him to do so. By complying with this Order, Mr. Barrett does not suggest or imply that his initial pleading filed March 16, 2009, his corrected pleading filed March 17, 2009, or his amended pleading filed September 25, 2009 failed to substantially conform to the requirements of Rule 2 of the Rules Governing § 2255 Cases. As discussed in greater detail *infra*, those pleadings constitute valid, effective invocations of 28 U.S.C. § 2255, Fed. R. Crim. P. 33, and the constitutional rights protected by those procedures.

The amended petition being filed pursuant to the October 7 Order is Mr. Barrett's second amended petition. Mr. Barrett does not file a motion seeking leave to amend, because he understands the October 7 Order obviates such a motion.

The only notice Mr. Barrett or his counsel have regarding the requirements of the October 7 Order is the reference therein to the hearing conducted the previous day. Neither the

5

October 7 Order nor any other part of the record provides a legal basis for requiring Mr. Barrett to amend, nor does the record or Order identify any specific defects in Mr. Barrett's pleadings such that he is on notice of what specifically his amendment must or must not contain. The Government has filed no objection providing notice that it considers the form or content of any of Mr. Barrett's pleadings deficient in a manner that would require amendment.

As stated by Mr. Barrett's counsel during the October 6 hearing, counsel has had the form re-created in a word processor so that Mr. Barrett's claim could be re-presented as grounds on the form. Mr. Barrett's counsel have provided all the information required by the form. Counsel have eliminated all references to law save those that counsel believe are necessary to state a claim without risk of prejudice to Mr. Barrett. *Cf. Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (pleading under Rule 2 of Rules Governing § 2254 Cases is "more demanding" than civil notice pleading under Fed. R. Civ. P. 8(a) and requires "that habeas petitioners plead with particularity ...to assist the district court").

Counsel also have eliminated what may be termed "argument" as the form may use that term. Mr. Barrett's counsel have been unable to identify any cases interpreting the term "argument" as used on the form. To the extent the term "argument" is intended to preclude the assertion that the facts support any specific element or elements of a constitutional rule of criminal procedure, the term is overbroad and, when read in conjunction with Rule 2 of the Rules Governing § 2254 Cases and *Felix*, *supra*, violates the Due Process Clause of the Fifth Amendment and Mr. Barrett's right under the First Amendment to plead his claims. In all other respects the term is unconstitutionally vague.

Mr. Barrett does not withdraw or waive any allegation, contention or argument made in his initial § 2255 Motion filed March 16, 2009, his identical-but-for-the-verification corrected

6

motion filed March 17, 2009, or the amendment he filed of right on September 25, 2009. Mr. Barrett is filing the amended petition on the form because he has been ordered to do so. Mr. Barrett objected to the Court entering any order until the issue of bias has been resolved. Although this Court denied disqualification in a separate order filed October 7, 2009 (Doc. 75), that issue is before the Court of Appeals for the Tenth Circuit. The October 7 Order has not been voided or vacated. Therefore, Mr. Barrett has no choice but to file an amendment in compliance with the October 7 Order.

However, by filing the amended motion Mr. Barrett does not waive his contention that the Orders filed in September and October 2009 are part of a pattern of disparate treatment which this Court has meted out towards Mr. Barrett.[1] The October 7 Order applies L.Cv.R. 9.2 in a manner that is unique just as this Court uniquely denied funds for transcripts and expert assistance that had routinely been granted to all other similarly situated defendants in federal death penalty cases.

### b.  The rules being applied to Mr. Barrett are not clear and are not consistently applied to others who are similarly situated

There is a great deal of inconsistency and ambiguity between individual Local Rules and parts of a single Local Rule, between the Local Rules and local practice, and between the Local Rules, local practice, and the Rules Governing § 2255 Proceedings. Against the background of this ambiguity, or regardless of it, Mr. Barrett substantially complied with Rule 2, the local rules, local practice, and Fed. R. Civ. P 15.

---

[1] The Court's requirement that Mr. Barrett's counsel incur the expense and delay necessary to refile his amended petition appears to bely the Court's earlier assertions that limits on funding for the defense were based on fiscal concerns and any suggestion made in the order denying equitable tolling that the Court was concerned about delay.

Rules 1 and 2 of the Rules Governing § 2255 Proceedings treat a § 2255 motion as a continuation of the criminal case, and find this aspect of § 2255 proceedings distinguishes them from cases brought pursuant to 28 U.S.C. § 2254.[2] *See also* Advisory Committee Notes on same ("motion under § 2255 is a further step in the movant's criminal case and not a separate civil action"). However, this Court, like some other District Courts, treats § 2255 proceedings as civil in nature, and opens a separate civil case following the filing of a § 2255 motion. *See* R. Gov. § 2255 Proc. 3, Advisory Committee Notes ("motion has been considered to be a new civil action in the nature of habeas corpus for filing purposes").

Local Criminal Rule 12.1 sets forth the requirements for motions in criminal cases. It is different than Local Civil Rule 7.1, which sets forth the requirements for motions in civil cases, in ways that are relevant to this Court's criticism of Mr. Barrett's pleadings. This Court found fault with Mr. Barrett's § 2255 motion because it does not state in the title that it is both a motion and brief, *see* L.Cv.R. 7.1(p), and because Mr. Barrett did not seek leave to file a brief over 25 pages in length, as required by L.Cv.R. 7.1(d), *(see* Tr. 10/6/09 Hr'g at 8-9). Mr. Barrett filed his motion in the criminal case, *United States v. Kenneth Barrett*, E.D. Ok. Case No. 06-cr-115, as he was required to do. Local Criminal Rule 12.1 includes neither the page limitation nor the titling requirement of L.Cv.R. 7.1. Although the Local Criminal Rules provide that the Local Civil Rules may apply "when appropriate in a criminal context," L.Cr.R. 1.2, the rules are unclear as to when application of the civil rules is appropriate.[3] The Local Rules do not state

---

[2]  This distinction appears in the very names of the rules: where a state prisoner seeks habeas corpus relief the Rules Governing § 2254 *Cases* in the District Courts apply; where a federal prisoner seeks habeas corpus relief the Rules Governing § 2255 *Proceedings* apply.

[3]  *See also* R. Gov. § 2255 Proc. 12 ("Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory
(continued...)

that a § 2255 motion will be converted into a petition initiating a new civil case. *See* Decl. Tivon Schardl appended to Mot. Vacate Show Cause Order (Doc. 76-1).

Mr. Barrett acknowledges that § 2255 motions are addressed under Local Civil Rule 9.2. That rule contains inconsistent provisions and substantial ambiguity. The first sentence of L.Cv.R. 9.2(a) provides that "motions to vacate pursuant to 28 U.S.C. § 2255 . . . shall be on forms provided by the Court Clerk upon request, or from the Court's website at www.oked.uscourts.gov." However, the second sentence of L.Cv.R. 9.2(a), provides, "If the petition is not on the Court-approved form *or does not provide the Court with equivalent information* required by such form, the Court may order the pleading be stricken" (emphasis added). This Court has said it would not strike Mr. Barrett's pleadings, (Tr. 10/6/09 Hr'g at Tr. 10/6/09 Hr'g at 27, 29), and reiterated that no potential defect in Mr. Barrett's pleadings would prejudice him, (Tr. 10/2/09 Hr'g at 23, 25, 26, 27, 29). That ruling is correct and should not be disturbed as a result of the Court ordering Mr. Barrett to amend his petition to present his grounds for relief on the form. The Local Civil Rule's option to provide equivalent information to that required by the form is consistent with Rule 2 of the Rules Governing § 2255, which does not itself require use of the form but provides that a "motion must *substantially follow* either the form appended to these rules or a form prescribed by a local district-court rule" (emphasis added).[4]

_____

(...continued)
provisions or these rules, may be applied to a proceeding under these rules").

[4] The Advisory Committee Notes on the 2004 Amendments to Rule 2 note the following:

The language in new Rule 2 (c) has been changed to reflect that a moving party must *substantially follow* the standard form, which is appended to the rules, or a form provided by the court. The current rule, Rule 2 (c), seems to indicate a

(continued...)

Local Civil Rule 9.2(a) and (b) provide identical filing requirements for petitions submitted pursuant to 28 U.S.C. §§ 2254 and 2255.  Mr. Barrett's counsel have examined the dockets in all capital habeas corpus cases filed in the Eastern District for the eleven (11) years preceding the filing of Mr. Barrett's § 2255 pleading.  According to the CM/ECF system, Mr. Barrett's case is the only capital § 2255 proceeding filed in the district in that time.  The system identifies capital § 2254 cases and capital § 2255 cases the same way:  with code 535.  There have been seventeen (17) capital habeas corpus cases filed in the Eastern District since January 1, 1998, although one (1) appears to have been a second or successive petition.  Local practice in filing § 2254 petitions in capital cases has consistently been to file them in substantially the same form as Mr. Barrett used in filing his § 2255 petition, i.e. to present claims in the form of a "brief" including both factual averments and, contrary to the instructions on the form, citations to legal authorities and argument.  Exh. A (Decl. Tivon Schardl and Appendix thereto).

This practice is consistent with the object and purpose of the drafters of the form who intended it as an "[a]dministrative convenience" that would minimize the number of "lengthy and often illegible petitions, arranged in no logical order" submitted by prison inmates who have no right to counsel.  R. Gov. § 2254 Cases 2, Advisory Committee Notes.  That the form is primarily intended for use by those proceeding *pro se* is confirmed in the instructions to the form available on this Court's website which cautions those under sentence of death that they are entitled to counsel, implying that they should not file the form on their own behalf.

---

[4] (...continued)
preference for the standard "national" form. Under the amended rule, there is no stated preference. The Committee understood that the current practice in some courts is that if the moving party first files a motion using the national form, that courts may ask the moving party to supplement it with the local form. (emphasis added).

The Court has criticized Mr. Barrett's pleadings under two disparate Local Rules, creating *ex post facto* a unique and unmeetable double standard for this case. On the one hand the Court has criticized Mr. Barrett's pleadings on the ground that they do not conform to L.Cv.R. 7.1 which prescribes the form of civil motions and briefs. September 29 Order (Doc. 74) at 2, n.1; Tr. 10/6/09 Hr'g at 8-9. The Court has treated Mr. Barrett's § 2255 motion like any other civil motion, although it was initially filed in a criminal case to which L.Cr.R. 12.1 would apparently apply, and the Court also has treated the motion as a pleading initiating a new civil case. *Cf. Felix*, *supra*, 545 U.S. at 655-56 (noting petition in habeas case is "original pleading" for purpose of Fed. R. Civ. P. 15). On the other hand, the Court has criticized Mr. Barrett's pleadings on the ground that they do not conform to L.Cv.R. 9.2 which, the Court has stated, prescribes a *different* and *uniquely* acceptable form for § 2255 motions. Tr. 10/6/09 Hr'g at 7-8.

In the time since the October 7 Order issued, Mr. Barrett's counsel have investigated local practice in the Eastern District of Oklahoma because the Court's comments during the October 6 hearing indicated that Mr. Barrett's counsel had acted in an atypical manner that they should have anticipated was incorrect. Tr. 10/6/09 Hr'g at 7:15-18. Specifically, the Court noted that Mr. Barrett's pleadings sought different forms of relief under different provisions of law, including requesting discovery and an evidentiary hearing, (Tr. 10/6/09 Hr'g at 8, 13), and this apparently is inconsistent with L.Cv.R. 7.1. Doc. 74 at 2 n. 1. The Court also noted that Mr. Barrett's pleadings contained citations to cases and "argument" such that they combined a "motion" and "brief." Tr. 10/6/09 Hr'g at 8-9. Local Civil Rule 7.1 permits such filings, but requires a motion for leave to file a brief in support of a motion that is longer than 25 pages. The Court noted that Mr. Barrett's pleadings were over 25 pages in length but Mr. Barrett had not moved for leave to file an extended brief. Tr. 10/6/09 Hr'g at 9.

In each respect, Mr. Barrett's pleadings appear to have conformed to local practice in the Eastern District of Oklahoma, and therefore, to reflect the same understanding of Rule 2 and L.Cv.Rs. 7.1 and 9.2 as counsel in all other capital habeas corpus cases.  It appears that in each and every capital habeas case filed in the past eleven years, ten of which were presided over at either Magistrate or District Court Level by Judge Payne, has been in the form of a "brief" including argument and citations to legal authority, and has been longer than 25 pages.  Many, if not all, capital habeas corpus petitions also sought in their prayers for relief discovery or evidentiary hearings.  The dockets, District Court opinions, Tenth Circuit decisions, and the recollections of counsel show that in none of those cases did the Court raise the issues Judge Payne raises with respect to Mr. Barrett's pleadings, and no similarly situated person was required to amend his petition on the form, or to eliminate law and argument from his pleadings.  Exh. A.

The October 7 Order interprets and applies the relevant rules in a new way, and singles out Mr. Barrett for this novel treatment.  However, as this Court said during the hearing, the "clean slate" applies prospectively.  Tr. 10/6/09 Hr'g at 25:22-23.  Any effort to disadvantage Mr. Barrett through this novel procedure would violate his rights to due process and equal protection of the law.  Even where weighty concerns over comity and federalism are factors, the Supreme Court has consistently held that courts may not refuse on the basis of formal defects to entertain clearly asserted claims of constitutional violations, particularly where the rules regarding form are not consistently applied to similarly situated litigants.[5]  Mr. Barrett has

_____

[5] *Lee v. Kemna*, 534 U.S. 362 (2002) (rejecting alleged procedural default for attorney's failure to comply with state rule requiring written motion for continuance), *James v. Kentucky*, 466 U.S. 341, 351 (1984) (rejecting alleged default for attorney's failure to follow state-law distinction between admonitions and instructions) ("Where it is

(continued...)

12

complied with all applicable rules and local practice in the same manner and to the same extent as other similarly situated persons.

### c.     Mr. Barrett's pleadings met all formal requirements either directly or by providing the same information

Mr. Barrett has acknowledged that his counsel mistakenly omitted from his initial § 2255 motion the formal verification language provided for in Rule 2 of the Rules Governing § 2255 Proceedings.  In order to ensure that he suffered no prejudice from this omission, Mr. Barrett's counsel, less than 24 hours later, filed a corrected petition with the verification.  In compliance with L.Cv.R. 9.2, the corrected motion was complete, including, and not modifying, all claims filed the previous day.[6]

---

[5] (...continued)
inescapable that the defendant sought to invoke the substance of his federal right, the asserted state-law defect in form must be more evidence than it is here."); *NAACP v. Alabama ex rel. Flowers*, 377 U.S. 288, 294-301 (1964) (rejecting as "wholly unacceptable" efforts of Alabama to preclude review of merits through application of state procedural rule prescribing form of briefs where "mere stylistic device" "intended presumably as an organizational aid to understanding" "cannot well be regarded as detracting from the brief's full conformity with the rule in question") ("The consideration of constitutional rights may not be thwarted by simple recitation that there has not been observance of a procedural rule with which there has been compliance in both substance and form, in every real sense."); *Staub v. City of Baxley*, 355 U.S. 313 (1958) (rejecting alleged procedural default based on plaintiff's failure to challenge constitutionality of each provision of statute severally); *NAACP ex rel. Patterson v. Alabama*, 357 U.S. 449, 455-58 (1958) (rejecting as inadequate Alabama Supreme Court ruling that petitioners should have sought review through mandamus rather than certiorari where state court had previously held review was appropriate through mandamus) ("Novelty in procedural requirements cannot be permitted to thwart review in this Court applied for by those who, in justified reliance upon prior decisions, seek vindication in state courts of their federal constitutional rights.")  *See also Davis v. Wechsler*, 263 U.S. 22, 25 (1923) (Holmes, J.) ("it is necessary to see that local practice shall not be allowed to put unreasonable obstacles in the way" of enforcement of federal rights).

[6] During the October 6 hearing, the Court appeared to find fault with Petitioner's counsel
(continued...)

13

Although the initial pleading did not satisfy the formal requirement of a verification, and subsequent events indicate Mr. Barrett's counsel were correct to proceed cautiously and cure this defect, Mr. Barrett's initial § 2255 motion went to extraordinary lengths to satisfy the object and purpose of the verification requirement.

> [T]he verification requirement serves to ensure that a petitioner can provide some evidence beyond conclusory and speculative allegations, even if that evidence is his verified statement alone. Requiring either that the motion be signed under penalty of perjury or be accompanied by an affidavit is thus not a mere technicality of pleading; once a pleading is submitted in this form, the allegations contained therein *become* evidence and permit the district court to evaluate properly the movant's allegations and to determine whether a sufficient threshold showing has been made to warrant further proceedings.

*Kafo v. United States*, 467 F.3d 1063, 1068 (7th Cir. 2006) (footnote omitted). As with the form referenced in Rule 2, the verification requirement is intended to ensure that a prisoner appearing *pro se* is invoking the remedy of habeas corpus with valid claims. *Ibid.* Mr. Barrett, through counsel, provided that assurance, first by substantiating his allegations with abundant evidence, and also by verifying those allegations under penalty of perjury.

Mr. Barrett's initial petition was accompanied by 173 exhibits. The individual factual averments in the petitions are accompanied by references to an exhibit or exhibits, or contain quotations from or descriptions of an exhibit or exhibits, or are supported by references to or quotations from the existing record. "There are salutary reasons for requiring strict observance of the affidavit requirement. Motions to vacate a conviction or sentence ask the district court to grant an extraordinary remedy to one who already has had an opportunity for full process." *Kafo*, 467 F.3d 1068. Mr. Barrett filed one of the most, if not the most, meticulously

---

[6] (...continued)
due to their having not refiled all exhibits with the corrected petition. Tr. 10/6/09 Hr'g at 9. Petitioner's counsel conferred with this Court's deputy clerk regarding that issue and was informed that the clerk would not refile the exhibits.

substantiated applications for habeas corpus relief on record in this District, and did so in a good-faith effort to demonstrate the *bona fides* of his claims. And he has made still more efforts to comply with all applicable rules.

The motion/petition filed March 17, 2009, added a verification that complied with Rule 2. The verification unequivocally states that all factual averments in the pleading are true and correct and it makes that declaration under penalty of perjury. The form of the verification differs from the verification in the form appended to Rule 2 only in that the verification contains the explanation – *required by the form itself* – for why the pleading was being signed by someone other than the petitioner himself. For the reasons stated in the filings of October 2, 2009, October 5, 2009, and stated on the record during the hearing held October 6, 2009, the petition filed March 17, 2009, was a correction, not an amendment within the meaning of Fed. R. Civ. P. 15.

To the extent case law applicable to petitioners appearing *pro se* does not apply to this case, *see* Tr. 10/6/09 Hr'g at 6-7, this Court should find that Mr. Barrett substantially complied with Rule 2 of the Rules Governing § 2255 Proceedings by substantiating his claims with 173 exhibits gathered by his counsel. The allegations contained in the amended petition, which Mr. Barrett had a right to file without prior notice or leave of court, Fed. R. Civ. P. 15; *Mayle v. Felix*, *supra*, were substantiated by more than 200 exhibits. Both the corrected motion and the amended motion complied with the verification requirement of Rule 2. Indeed, they exceeded that requirement by not only verifying under penalty of perjury that the allegations of the petition are true, but that the reasons stated for counsel signing in lieu of Mr. Barrett also are true. That is, the verification attached to the corrected and amended motions provided the same or more assurance as required by the form of the verification on the form referenced in Rule 2.

**Conclusion**

Petitioner has proceeded under the good-faith belief, supported by extant law, that his pleadings were filed of right and in compliance with all applicable rules.  This Statement, filed contemporaneously with Mr. Barrett's amendment on the form, should disabuse this Court of any assumptions to the contrary.

DATED:        December 4, 2009.

Respectfully submitted,


 /s/ David B. Autry
DAVID B. AUTRY, OBA #11600
Attorney at law
1021 N.W. 16th Street
Oklahoma City, Oklahoma 73106-6405
Telephone:  405-521-9600

DANIEL J. BRODERICK
Federal Defender

 /s/ Tivon Schardl
TIVON SCHARDL, Fla. Bar No. 73016
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

 /s/ Joan M. Fisher
JOAN M. FISHER, IDA Bar No. 2854
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone:  916-498-6666

Attorneys for Defendant
KENNETH EUGENE BARRETT

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KENNETH EUGENE BARRETT, | |
| | 6:09-cv-00105-JHP |
| Petitioner, | |
| v. | |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

**DECLARATION OF COUNSEL IN SUPPORT OF
PETITIONER'S NOTICE REGARDING
AMENDED PETITION FILED PURSUANT TO COURT ORDER**

I, Tivon Schardl, declare the following:

1.      I am appointed co-counsel for Kenneth Eugene Barrett in this case.  As part of my responsibilities in the case, following the hearing held October 6, 2009, and in response to comments from the Court made during that hearing, I researched all capital habeas corpus cases filed in the Eastern District of Oklahoma since January 1, 1998.

2.      The purpose of this research was to determine whether I and lead counsel had understood Rule 2 of the Rules Governing § 2255 Proceedings, and the local rules, in a manner that was inconsistent with the understanding of other lawyers in capital cases in the Eastern District.

3.      I identified all capital habeas corpus cases filed after January 1, 1998 by logging onto the Court's CM/ECF system using the Federal Defender's generic login.  I clicked the "query" button and entered search parameters under the second option on the query page as follows:

## Query

**Search Clues**

| | |
|---|---|
| Case Number | |

*or search by*

| | |
|---|---|
| Case Status: | ○ Open  ○ Closed  ○ All |
| Filed Date | 1/1/1998  to  3/18/2009 |
| Last Entry Date | to |
| Nature of Suit | 490 (Cable/Satellite TV)<br>510 (Prisoner: Vacate Sentence)<br>530 (Habeas Corpus (General))<br>535 (Death Penalty – Habeas Corpus) |

*or search by*

| | |
|---|---|
| Case Status: | ○ Open  ○ Closed  ○ All |
| Last/Business Name | (Examples: Desoto, Des*t) |
| First Name | Middle Name |
| Type | |

( Run Query )    ( Clear )

In this way, I believed I was querying the CM/ECF database for all cases filed under the same code as Mr. Barrett's case, and therefore for all similarly situated cases.

4.      That query produced a list of seventeen (17) cases, including Mr. Barrett's.  I entered each of those cases into the table appended to this declaration.  Insofar as the issues I was researching involved the application of the local rules, that Mr. Barrett's case was classified the same way as capital habeas cases filed under 28 U.S.C. § 2254, and that L.Cv.R. 9.2 treated §

2

2255 and § 2254 cases identically, this list appeared to represent the complete set of relevant cases.

5.    I attempted to learn whether the petitions in the sixteen (16) cases other than Mr. Barrett's were different from his in the following respects:  (a) whether the petitions were filed on the form appended to the Rules Governing § 2254 Cases in the District Courts; (b) whether, if not, they contained "argument" and citations to law, i.e. whether they were in the form of a motion/brief; (c) whether, if the petitions were not filed on the form, they were longer than 25 pages; (d) whether the petitions sought various forms of relief including discovery or evidentiary hearings; and, (e) whether, if the answers to (a), (b), (c), or (d) were in the affirmative, the District Court had made an issue of it and requested the petitioners to modify their pleadings accordingly.

6.    In order to answer these questions, I first attempted to form at least an educated guess based upon the documents available through CM/ECF.  For nearly all the cases, the petitions and relevant orders, if any, were not available for download.  After reviewing the docket entries, and hypothesizing that no capital habeas petitioner on the list had used the form, or been faulted for failing to do so, I decided to conduct a telephone and e-mail survey of counsel in order to test that theory.  However, based on a review of the dockets, it appeared that one case, *Braun v. Keating*, Case No. 6:00-cv-00102-JHP-KEW, was a second or successive petition, and I therefore eliminated it from further inquiry.

7.    In ten (10) of the fifteen (15) similarly situated cases, counsel were current or former attorneys from the Capital Habeas Unit of the Federal Public Defender for the Western District of Oklahoma.  I spoke with some of these lawyers by telephone and then sent a

confirming e-mail regarding the five issues of concern.  Randy Bauman, Vicki Werneke, Kristi Christopher, and Scott Braden, lawyers I have known for many years, confirmed that the CHU had not in the past eleven years filed a petition on the form, had filed in the form of a motion/brief, that the petitions had exceeded 25 pages in length without seeking prior leave, and had sought evidentiary hearings (at least), and there had been no issue made of any of these things.  Mr. Braden reported, however, that in at least one case filed sometime before my survey period, he thought he recalled the Court requesting that a petition be refiled on the form.

8.      In addition to speaking with and/or e-mailing the CHU attorneys, I spoke by telephone with Steve Presson, Chris Eulberg, and Gregory Laird.  These attorneys represented the petitioners in four (4) of the five (5) cases not handled by CHU attorneys.  I asked them the same questions I had asked the CHU attorneys, and received the same responses.

9.      I resolved questions about the remaining case, *Wackerly v. Sirmons*, Case No. 6:01-cv-00567-FHS-KEW, by reviewing the District Court's opinion at 2007 WL 963210, and the opinion on appeal in *Wackerly v. Workman*, 580 F.3d 1171 (10th Cir. 2009).

10.     Based on the records and recollections of counsel, and in some cases counsel's review of the petitions they filed, no capital habeas corpus petitioner in the Eastern District of Oklahoma for the eleven years preceding Mr. Barrett's application for habeas relief, has been required to file on the form, seek leave for filing a petition containing argument in excess of 25 pages, or been faulted for seeking an evidentiary hearing or other process in his prayer for relief. In the majority of cases, the Court denied relief after the parties filed their answer and reply, respectively.  The Court had allowed limited time for filing replies.  Thus, the orderly processing

of capital habeas cases has appeared to rely upon argument being presented in the petitions themselves.

I declare, under penalty of perjury as provided in the laws of the United States of America, that the foregoing five-page declaration is true and correct.

Executed by me this 30th day of November, 2009, in Sacramento County, California.

/s/ Tivon Schardl

**CAPITAL HABEAS CASES FILED IN THE EASTERN DISTRICT OF OKLAHOMA SINCE 1/1/1998**

| | CASE | JHP | FILED DATE & DOC. # | ON FORM | COUNSEL |
|---|---|---|---|---|---|
| 1 | *Battenfield v. Ward*, 6:98-cv-00036-JHP | MJ, DJ (after remand) | 6/15/1998 (Doc. #16); Appendix filed 6/15/1998 (Doc. #17); denied without briefing, argument or hearing of any kind 5/5/1999 (Doc. #28) | No, per counsel, but contained all info req'd by form, contained brief, over 25 pages, appendix included exhibits | Robert Jackson Steve Presson 10-20-09 |
| 2 | *Johnson v. Gibson*, 6:98-cv-00072-FHS-JHP | MJ | 7/16/98 (Doc. # 11); State court appendix filed separately 5/1/98 (Doc. 8); response filed 9/30/98 (Doc. 18); reply filed 11/2/98 (Doc. 22); petition denied 6/29/99 (Doc. 30) | No, per counsel.  Separate motions for discovery & record expansion.  Denied after reply w/o fact-development. | Randy Bauman, FDP CHU |
| 3 | *Johnson v. Gibson*, 6:98-cv-00331-FHS | MJ | Minute order of 12/1/98 says "all motions to be filed within petition" (Doc. 11); 2/1/99 petition filed (Doc. 12); brief filed separately 2/1/99 (Doc. 14); 3/23/99 response (Doc. 17); 6/30/99 reply (Doc. 24; 12/9/99 order denying (Doc. 30) [10th Cir. reversed and remanded] | No, per FPD CHU attorneys, no CHU case has been filed on form. | Stephen J. Greubel, FPD CHU |
| 4 | *Humphreys v. Gibson*, 6:98-cv-00568-FHS-JHP | | 5/18/1999 (Doc. #11); Order denying filed 3/30/2000 (Doc. #24) after response and reply | No, per counsel, cites cases, 81 pages | Chris Eulberg 405-232-3450 10-21-09 |
| 5 | *Cummings v. Gibson*, 6:99-cv-00447-FHS-KEW | | | | |
| 6 | *Snow v. Gibson*, 6:00-cv-00070-FHS | MJ | 7/31/2000 (Doc. #13); with appendix filed same day (Doc. # 14). | No, per counsel | Vicki Wernecki 10-20-09 |

| | CASE | JHP | FILED DATE & DOC. # | ON FORM | COUNSEL |
|---|---|---|---|---|---|
| 7 | *Delozier v. Gibson*, 6:00-cv-00102-JHP-KEW | MJ, DJ | 8/31/2000 (Doc. #18), withdrawn and supplemented on 10/10/2000 (Doc. # 23); appendix filed 10/10/2000 (Doc. #24); on 10/20/2003 JHP granted motion to amend with recent authority (Doc. ##48, 49) | No, per docket entries on legal authority | Randy Bauman 10-20-09 |
| 8 | *Braun v. Keating*, 6:00-cv-00371-MB-JHP | MJ | 7/18/2000 (Doc. #3), appendix filed 7/18/2000 (Doc. 4) [This was a successor filed under warrant.] | | Benjamin McCullar 405-214-2889 |
| 9 | *Phillips v. Gibson*, 6:01-cv-00045-JHP-KEW | DJ | 10/1/2001 (Doc. #18); Mot. Leave to Amend (post exhaustion) (Doc. #37); Order granting leave to amend (Doc. #40); Amendment to Pet. filed 4/15/2004 (Doc. #43) | No, counsel said it was a "brief" | Gregory W. Laird 405-632-6668 10-22-09 |
| 10 | *Taylor v. Workman*, 6:01-cv-00252-JHP-KEW | MJ, DJ | 11/29/2001 (Doc. #14)[included request for evidentiary hearing]; 3/12/2007 Order denying petition & request for hearing (without briefing) (Doc. #32) | No, per Randy Bauman | Randy Bauman |
| 11 | *Hammon v. Gibson*, 6:01-cv-00253-FHS-KEW | | | | |
| 12 | *Wackerly v. Sirmons*, 6:01-cv-00567-FHS-KEW | | | | |
| 13 | *Murphy v. Mullin*, 6:03-cv-00443-RAW-KEW | n/a | 3/5/1004 (Doc.14); Amended Petition Removing unexhausted claims filed 9/10/2004 (Doc. #34); 2nd Amendment filed 12/28/2005 (Doc. #54) [not on form; includes points and authorities; requests hearing & briefing; is 46 pages long; list of exhibits; no verification] | No, per counsel | Kristi Christopher |

| | CASE | JHP | FILED DATE & DOC. # | ON FORM | COUNSEL |
|---|---|---|---|---|---|
| 14 | *Duty v. Mullin*, 6:05-cv-00023-FHS-SPS | | 7/28/2005 (Doc. #32) | No, per counsel | Randy Bauman |
| 15 | *Ryder v. Mullin*, 6:05-cv-00024-JHP-KEW | | 9/13/2005 (Doc. #13); Suppl. Auth filed 3/21/2006 contains argument (Doc. 21) | No, per counsel | Randy Bauman |
| 16 | *Derosa v. Mullin*, 6:05-cv-00213-JHP-SPS | | 12/23/2005 (Doc. #17); Attachments filed 12/23/2005 (Doc. #18); Response filed 3/22/2006 with attachments (Doc. #19). | No, per counsel | Patti Palmer Ghezzi (FPD) |
| 17 | *Barrett v. USA*, 6:09-cv-00105-JHP | | | | |

According to this Court's CM/ECF system, in the eleven years before Kenny Barrett filed his petition, there were sixteen habeas corpus petitions filed in the Eastern District of Oklahoma in death-penalty cases. Judge Payne was involved in ten of those cases either as a magistrate judge, district judge, or both. A review of those cases, and discussions with the petitioner's counsel in those cases shows the form appended to the Rules Governing Section 2254 Cases in the District Court was not used by counsel in any of those cases. The dockets and memories of counsel indicate Judge Payne did not require the form to be used in any case. In these cases, the petitioners included legal points and authorities in their petitions, as Mr. Barrett did, and the petitions exceeded 25 pages in length, as Mr. Barrett's did. None of the petitioners sought leave to file an oversized brief. There were appendices of exhibits filed with ___ petitions. Although Judge Payne found fault with Mr. Barrett's counsel for filing in this form, he did not raise similar concerns in the previous cases. In ___ cases in which Judge Payne was involved, the petitioner requested an evidentiary hearing in the prayer for relief at the end of the petition. The records in those cases contain no order finding it was improper to request a hearing in the petition. Judge Payne denied hearings in all cases. In ___ cases in which Judge Payne presided he denied relief and an evidentiary hearing without affording the petitioner an opportunity to submit briefing other than a reply to the response, or motions for discovery or an evidentiary hearing. In one case, *Taylor v. Workman*, Judge Payne found the petitioner failed to present evidence to rebut the presumption of correctness *before* denying the petitioner's request for an evidentiary hearing.

The evidence available to counsel at this time of filing shows the Court's treatment of Mr. Barrett is unique.