**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 14, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

In re:

KENNETH EUGENE BARRETT,

         Petitioner.

No. 09-7096
(D.C. No. 6:09-CV-00105-JHP)
(E.D. Okla.)

---

**ORDER**

---

Before **BRISCOE**, **LUCERO**, and **TYMKOVICH**, Circuit Judges.

---

In this mandamus proceeding, Kenneth Eugene Barrett seeks either the recusal of the district judge who presided over his federal criminal trial and now is hearing his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence, or, in the alternative, an evidentiary hearing before a different district judge on the facts underlying his recusal motion. Citing three examples of allegedly improper conduct, Mr. Barrett alleges that the judge is biased against him, and that recusal is mandated by 28 U.S.C. §§ 455(a), 455(b)(1), 455(b)(3), and 455(b)(5)(iv). The district judge denied Mr. Barrett's motion to recuse. Both the United States and the district judge have responded to the mandamus petition, and Mr. Barrett has replied.

"[M]andamus is an appropriate vehicle by which to challenge a district court's denial of a recusal motion." *Nichols v. Alley*, 71 F.3d 347, 350 (10th Cir.

1995) (per curiam).  While a district court's denial of recusal generally is reviewed for abuse of discretion, on mandamus the higher mandamus standards apply.  *Id.*  Thus, Mr. Barrett must show that he has "a clear and indisputable right to relief."  *Id.*  "[A] writ of mandamus is used only to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.  Only exceptional circumstances, amounting to a judicial usurpation of power, will justify the invocation of this extraordinary remedy."  *In re Cooper Tire & Rubber Co.*, 568 F.3d 1180, 1186 (10th Cir. 2009) (quotations omitted).

We have carefully reviewed the parties' filings and the record.  We are not convinced that Mr. Barrett has established a clear and indisputable right to the district judge's recusal under any of § 455's subsections or that this case presents the exceptional circumstances required to issue a writ of mandamus.

Because the district court granted Mr. Barrett leave to proceed without prepayment of fees and it appears his circumstances have not changed, the motion to proceed in this court without prepayment of fees is GRANTED.  The petition for a writ of mandamus is DENIED.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk

-2-